CONSOLIDATED MARBLE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14712. Promulgated February 5, 1929.

*H. H. Shelton, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

TRAMMELL: With respect to the payment of $14,000 by the petitioner in connection with the building of the spur track, it is contended by the petitioner that this amount represents ordinary and necessary expenses and is deductible as such. On the other hand, it is contended by the respondent that the expenditure represents a capital asset and is not deductible as expense.

Even if we concede for the sake of argument in this case that the expenditure does not represent a capital acquisition on the part of the petitioner, it does not follow that the amount is deductible as an ordinary and necessary expense in 1920 when it is claimed by the petitioner. The expenditure was made for the petitioner by Jones as an individual for and in behalf of the corporation over the years 1915 and 1916. The money was advanced by Jones in the way of a loan to the corporation, which the corporation became obligated to repay.

The expenditures actually made by the petitioner in 1919 and 1920 were in payment of advances or loans made to it, or money expended for it and clearly the repayment of loans or money so advanced can not be considered as an ordinary and necessary expense. On the other hand, there is no clear and positive testimony that any amount was actually paid out by the corporation to Jones or to any one else in this connection in 1920 except the amount of $669.61, which appears to have been paid on December 22, 1920. Jones testified that he did not know when the balance was paid to him, but that he does know that the entire amount was repaid to him at some time. This is not sufficient evidence to warrant us in finding that the petitioner either paid or incurred an expense of $14,000 in 1920 as claimed by the petitioner, even if all the other contentions of the petitioner in this respect were conceded to be correct. But, since the petitioner was on the accrual basis, only the amounts of expense which were accrued in that year are deductible and we find no evidence of the accrual of any liability with respect to this railroad spur track in 1920. All of the transactions occurred in prior years except the repayment to Jones for the advances he had made.

In view of the foregoing, it becomes unnecessary for us to decide whether the amount constituted a capital expenditure or an ordinary

and necessary expense. If it were admittedly an ordinary and necessary expenese it would not be deductible in 1920. The respondent, on the other hand, has determined that it represents a capital expenditure. In either event, the expenditure is not deductible in 1920.

With respect to the acquisition of the lease, the petitioner contends that the evidence establishes the fact that the lease was worth $60,000, which is the par value of the stock claimed to have been issued therefor, and that this amount should be included in invested capital. It appears, however, that Jones, acting as trustee for and in behalf of the corporation, actually acquired the lease for the consideration of $1,900 in cash and one-third of the capital stock of the corporation, that is to say, one-sixth each to Leek and Bowman and the further consideration in the way of royalties set out in the instrument. The consideration paid by Jones as trustee, who was acting for and on behalf of the corporation, represented the payment by the corporation, and the fact that the $60,000 stock was issued to Jones and Leek and Bowman does not indicate that the entire $60,000 stock was issued for the lease. Not in excess of $20,000 par value of stock and $1,900 in cash represented the payment for the leasehold. However, this fact would not prevent the petitioner from having included in its invested capital the actual value of the lease, acquired for stock, although only $20,000 of stock and $1,900 in cash was paid therefor. The question is, What was the value of the lease so acquired? These facts might indicate, however, that it was not worth $60,000 as contended by the petitioner. There is some evidence as to the sales of stock by the persons who acquired it from the persons to whom the corporation originally issued it, but there is no evidence as to when these sales occurred or as to any circumstances connected therewith, and, in view of these facts, such sales have very little if any bearing upon the value of the lease acquired. It may well be that the portion of the stock which was issued to Jones, who was acting as trustee for the corporation, might have been for services rendered or for other considerations not set out in the record. In any event, Jones, acting in behalf of the corporation in acquiring the lease for the corporation, clearly did not acquire it for himself, and when he turned it over to the corporation for the stock, the corporation already had the beneficial ownership thereof. That transaction merely amounted to the transfer from a trustee to the beneficiary.

On the question of the value of the leasehold to Jones, from all the evidence we find that its value is not shown to have been in excess of $1,900. No amount in excess of that amount can therefore be included in invested capital with respect to the lease.

*Judgment will be entered under Rule 50.*