John C. Phillips and Helene Phillips v. Commissioner.
Phillips v. Commissioner
Docket No. 291-71.
United States Tax Court
T.C. Memo 1972-21; 1972 Tax Ct. Memo LEXIS 235; 31 T.C.M. (CCH) 64; T.C.M. (RIA) 72021; January 27, 1972, Filed John C. Phillips, pro se, Route 2, Box 900, Tempe, Ariz. Wayne A. Smith, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $3,743.89 in petitioners' Federal income taxes for the year 1968. The parties have made several concessions with respect to various issues. These concessions can be given effect in the Rule 50 computation. Only one issue remains for our decision: Whether certain amounts totaling $13,175 paid in 1968 by the National General Company, a partnership composed of petitioner John C. Phillips and his son, constituted nondeductible repayments of loans or deductible lease expenses. Findings of Fact Some of the facts have been stipulated and are so found. John C. and Helene Phillips are husband and wife who resided in Tempe, *236 Arizona, when they filed their petition in this proceeding. They filed a timely joint Federal income tax return for the year 1968 with the Internal Revenue Service Center at Ogden, Utah. Beginning in 1966 and continuing through 1968, John C. Phillips (herein called petitioner) and his son, John R. Phillips, were co-partners in the operation of a machine shop known as National General Company. On May 1, 1966, John R. Phillips leased a building and equipment located at 3148 South 48th Street, Phoenix, Arizona, from petitioner's mother, Mrs. Sarah McMurray, at a rental of $425 per month. This lease ran for a period of 5 years and was in effect during 1968. When National General Company needed working capital the petitioner would borrow money from his mother and then loan it to the company. In return the petitioner received several promissory notes which were signed by his son in his capacity as a partner of National General Company. The notes did not provide for the payment of any interest. By 1968, National General Company had earned sufficient funds to repay eleven of the notes, totaling $13,175. Although National General Company owed Mrs. Sarah McMurray for prior lease expense *237 as well as for loans, she specifically requested that the loans be repaid in 1968 rather than payments being made on the delinquent lease expense. In two separate transactions National General Company repaid petitioner and he in turn repaid Mrs. Sarah McMurray. Two of the notes in the amount of $3,000 65 were repaid on August 21, 1968. The remainder of the notes, totaling $10,175, were repaid on September 26, 1968. On a schedule attached to the U.S. Partnership Return (Form 1065) of National General Company, equipment lease expense in the amount of $14,356.72 was claimed as a direct cost of the operation of the business. The accountant for the partnership inadvertently included the $13,175 used to repay the loans in the amount claimed as lease expense on the partnership return. In his notice of deficiency respondent disallowed the claimed "lease expense" in the amount of $13,175 and thus increased petitioner's share of taxable income to reflect that adjustment and others. Opinion Even though the amounts used to repay the loans were incorrectly deducted as a lease expense, petitioner nevertheless contends that the partnership is entitled to a deduction for the repayments *238 made on the loans in 1968. To the contrary, respondent argues that there is no basis, in fact or in law, for allowing a deduction of $13,175. We agree with the respondent. It is well settled that a deduction may not be taken for funds used to repay the principal on loans. See Hazel McAdams, 15 T.C. 231 (1950), affd, 198 F. 2d 54 (C.A. 5, 1952); Consolidated Marble Co., 15 B.T.A. 193 (1929). Only interest on the loans would be deductible and here no interest was paid. Section 163, Internal Revenue Code of 1954. In their memorandum brief the petitioners assert that by "whatever name the IRS attempts to camouflage the issue, the fact remains that it is double taxation and tax on indebtedness." We think the argument lacks merit. We fail to see any "double taxation" or "tax on indebtedness" under these particular circumstances. We have considered the other comments and arguments contained in the "Conclusion" portion of petitioners' memorandum brief and find them, however sincerely made, to be irrelevant and immaterial to the resolution of the issue presented. Accordingly, we hold for respondent on the disputed issue. *239 Decision will be entered under Rule 50.